ELIZA GLENN, Respondent, *v.* LOUISA C. BURROWS *et al.,*
Appellants.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Executors, etc. Claims.*—The estate of a decedent is not liable for loans
made to the executor.

Appeal from an order of the special term of Erie county,
confirming the report of the referee touching the allowance
and disallowance of certain claims against the estate of Ros-
well S. Burrows, deceased.

*John Cunneen,* for the receiver, respondent.

*Shuart & Sutherland, Signor & Wages, John H. White* and
*E. L. Pitts,* for appellants.

MACOMBER, J.—There are two classes of appellants in this
action, namely, those whose claims were wholly rejected by
the referee, and those whose claims were in part allowed and
rejected in part by him.

The special term has confirmed the report of the referee in
all respects, excepting a slight modification thereof permit-
ting certain claimants to withdraw their claims, which is not
necessary to be considered upon this appeal.

Roswell S. Burrows died in the month of March, 1879,
leaving a last will and testament, upon which letters testa-
mentary were issued to the defendants, Louisa C. Burrows,
William R. Burrows, Albert S. Warner and Alexander
Stewart. Warner and Stewart had the control and manage-
ment of the estate up to the year 1883, when the same was
devolved solely upon Warner. This continued until the

month of August, 1884,. when Warner, having been dis-covered to be a defaulter to the estate for a large amount, fled from this state, leaving the estate in a crippled and embarrassed condition, if not totally insolvent. Subse-quently, a receiver was appointed by the court in this action to take charge of the estate and administer its affairs in place of the trustees named in the will. This action was brought in behalf of the plaintiff and all others having claims of a similar nature against the estate.

All of the principal questions herein were decided and dis-posed of, so far as this court is concerned, in the decision in this action reported in 37 Hun, 602. By reference to that decision, it is seen that this court held that the claim of the plaintiff was a valid one against Burrows' estate in so far as it had been incurred during the lifetime of the testator, but that loans to the executors or trustees, evidenced by the latters' promissory notes, accompanied by a surrender of the original notes given by Mr. Burrows, were not valid claims against the estate. The referee, in a carefully considered report, has taken the proofs which he was directed to take in pursuance of the last-mentioned decision, and, following the opinion of this court, has allowed to such claimants as have presented their demands payment out of the funds of the estate, so far as the same can be made, of all demands existing against Roswell S. Burrows in his lifetime, but has rejected the claims arising subsequently by loans made by the several claimants to Warner and Stewart, or to Warner alone.

It follows that the order appealed from should be affirmed, with costs.

BARKER, P. J. and DWIGHT, J., concur.